**In re John Alexander COCHRANE, Debtor.**

**John Alexander Cochrane, Plaintiff,**

**v.**

**The United States of America, the Department of Treasury/Internal Revenue Service, the State of Minnesota and the Minnesota Department of Revenue, Defendants.**

**Bankruptcy No. 01–1768–9P7.**
**Adversary No. 01–267.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Jan. 15, 2004.

Philip Doyle, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, D.C., for defendants.

Kurt E. Davis, Stichter, Riedel, Blain & Prosser, P.A., Tampa, FL, for debtor.

Diane L. Jensen, Fort Myers, FL, trustee.

## ORDER GRANTING PLAINTIFF'S FINAL MOTION FOR SUMMARY JUDGMENT AGAINST THE UNITED STATES OF AMERICA AS TO COUNT I

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS CAUSE came on for hearing on November 12, 2003, upon the Plaintiff's Final Motion for Summary Judgment against the United States of America as to Count I (the "Motion"), and the Opposition by United States to Plaintiff's Third Motion for Summary Judgment (the "Opposition"). Appearing at the hearing were Kurt E. Davis on behalf of the Plaintiff and Philip Doyle on behalf of the Defendant, the United States of America (the "Defendant").

The Plaintiff filed this adversary proceeding seeking a determination that his liabilities in connection with federal income taxes for the years of 1992, 1993 and 1994, including any interest and penalties thereon, (the "Taxes") are not non-dischargeable under 11 U.S.C. § 523(a)(1). The Plaintiff filed and served the Motion on November 3, 2003. Subsequently, the Court contacted Mr. Doyle and Mr. Davis to schedule a hearing on the Motion and both agreed to the November 12, 2003 hearing date.

At the hearing and in the Opposition, the United States of America agreed that all the elements of dischargeability of the Taxes under 11 U.S.C. § 523(a)(1) were met, except as to whether the Plaintiff willfully attempted to evade or defeat the payment of such taxes. The Defendant represented to the Court that the only remaining issue as to the Plaintiff's dischargeability of the Taxes, is whether the Plaintiff is owed compensation which he has concealed from the Defendant.

Plaintiff argues that there are no genuine issues as to any material facts, and as a result, he is entitled to judgment as a matter of law. Plaintiff supports his argument with, among other things, (a) a June 27, 2001 letter from the Defendant admitting that the Taxes are dischargeable, (b) a Response by United States to Plaintiff's Request for Admissions, which contains admissions by the Defendant that the Taxes are dischargeable under 11 U.S.C. § 523(a)(1)(A) and (B), that the Defendant has no evidence that the Plaintiff's tax returns in connection with the Taxes were fraudulent and that the Defendant lacks information to admit or deny whether the Taxes are dischargeable under 11 U.S.C. § 523(a)(1)(C), (c) Plaintiff's Affidavit in Support of Renewed Motion for Summary Judgment against the United States of America as to Count I, in which the Plaintiff states that the he did not file fraudulent tax returns or willfully attempt in any manner evade the payment of the Taxes, (d) an Affidavit of John Cochrane which states in pertinent part that the Plaintiff did not file fraudulent tax returns or evade the payment of the Taxes (e) a deposition transcript of the Plaintiff, in which he testified under oath, among other things, that he never willfully attempted in any manner to evade or defeat the payment of the

Taxes, that he never concealed, secreted or hid assets from the Defendant, that he is not due any income or money from Cochrane & Bresnahan, P.A., and, that, other than social security benefits, he is not due any income from any other source, (f) a deposition transcript of revenue officer Ray Zacek, which the Defendant's produced as its Rule 30(b)(6) representative, in which he testified under oath that he was not aware of any fraudulent tax returns filed by the Plaintiff and that he did not know of anyone with information regarding whether the Plaintiff willfully attempted to evade or defeat the payment of the Taxes, (g) a Response by United States to Plaintiff's Interrogatories in which it stated under oath that the only persons which have knowledge as to whether the Plaintiff willfully attempted in any manner to evade or defeat the payment of the taxes were the Plaintiff, Carolyn A. Cochrane, and Cochrane & Bresnahan, P.A., (h) an Affidavit of James R. Bresnahan, in which he states that he is an attorney and the sole shareholder of Cochrane & Bresnahan, P.A. and that the Plaintiff is not entitled any payments from him or Cochrane & Bresnahan, P.A., and (i) a deposition transcript of Carolyn A. Cochrane, in which she testified under oath that she is not aware of the Plaintiff ever attempting to evade the payment of taxes or secreting property in any way from the Internal Revenue Service.

Defendant, opposes the Motion on essentially three grounds: (1) that the hearing on the Motion occurred less than 10 days after the Motion was served, as required under Fed.R.Civ.P. 56(c), as adopted and made applicable to this adversary proceeding by Fed. R. Bankr.P. 7056, (2) that it should be denied under Fed. R.Civ.P. 56(f), as adopted and made applicable to this adversary proceeding by Fed. R. Bankr.P. 7056, and (3) that the Plaintiff has not shown that there are no genuine issues of material facts.

 With respect to the Defendant's argument that the Motion should be denied because the hearing occurred less than 10 days after service of the Motion, because the Defendant had consented to the scheduling of the November 12, 2003, hearing date, the Court finds that it waived such argument and is now estopped from raising it. As to the argument that the Motion should be denied under Fed. R.Civ.P. 56(f), Defendant submitted to the Court a Declaration by Philip Doyle, Defendant's counsel, in which Mr. Doyle states that Cochrane & Bresnahan, P.A. failed to comply with its discovery requests and therefore, the Defendant is unable to provide an affidavit contesting the Plaintiff's assertion that there are no genuine issues as to material facts.

Fed.R.Civ.P. 56(f) provides as follows:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the parties opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The Court notes, however, that the record before it indicates that since 2001, the Defendant has been alleging that the Plaintiff has concealed his income. The Defendant has had ample opportunity for discovery of such alleged facts and has taken the depositions of Carolyn Cochrane and the Plaintiff. The trial was also continued once at the Defendant's request. Additionally, the Defendant did not seek any discovery from Cochrane & Bresnahan, P.A. until October 16, 2003, and voluntarily cancelled its deposition of a representative of Cochrane & Bresnahan, P.A.

scheduled for December 10, 2003. According to the Affidavit of James R. Bresnahan Regarding Subpoena Issued by Defendant's Counsel, Philip Doyle, Mr. Bresnahan provided certain documents regarding Plaintiff's income, was ready to provide his deposition testimony and had made various responsive financial documents available for the Defendant's review. Based on the foregoing, the Defendant's request to deny the Motion under Fed.R.Civ.P. 56(f) is not well taken. The Court, therefore, denies the Defendant's request.

Finally, concerning the substantive argument as to the Motion, it is clear that the record before this Court is totally devoid of any facts or showing that the Plaintiff willfully attempted in any way to evade or defeat the payment of the Taxes. The Plaintiff has successfully shown that all of the witnesses which the Defendant contends have knowledge that the Plaintiff willfully attempt to evade or defeat the payment of the Taxes, have all affirmatively indicated in affidavits or depositions that they have no such knowledge. Moreover, the Defendant's representative, Ray Zacek, testified under oath that he was not aware of any fraudulent tax returns filed by the Plaintiff and that he does not know of anyone with information regarding whether the Plaintiff willfully attempted to evade or defeat the payment of the Taxes.

Based upon the record before this Court, which includes the pleadings, depositions, answers to interrogatories, admissions on file and affidavits, the reasons recorded in open court, the foregoing determinations, and after fully hearing arguments of Plaintiff's counsel and Defendant's counsel, the Court is satisfied that there are no genuine issues as to any material facts and the Plaintiff is entitled to judgment in his favor as a matter of law. Additionally, it is noted that the Court is satisfied that Plaintiff has also demonstrated that the Defendant would be unable to meet its burden of proof at trial that the Taxes are non-dischargeable under 11 U.S.C. § 523(a)(1).

Based on the foregoing, the Court finds that the Plaintiff has met its burden under Fed.R.Civ.P. 56, as adopted and made applicable to this adversary proceeding pursuant to Fed. R. Bankr.P. 7056, and the Motion is well taken and should be granted. Accordingly, it is:

ORDERED, ADJUDGED and DECREED that:

1. The Plaintiff's Final Motion for Summary Judgment against the United States of America as to Count I is hereby granted.

2. The Court shall enter final judgment in favor of Plaintiff determining that his liabilities in connection with federal income taxes for the years of 1992, 1993 and 1994, including any interest and penalties thereon, are not non-dischargeable and that pursuant to the Discharge entered in the above-captioned Chapter 7 case on May 22, 2001, such tax liabilities are fully discharged.

### FINAL JUDGMENT

Based upon the Order Granting Plaintiff's Final Motion for Summary Judgment against the United States of America as to Count I, it is hereby

ORDERED, ADJUDGED and DECREED that:

1. Final judgment is hereby entered in favor of Plaintiff determining that his liabilities in connection with federal income taxes for the years of 1992, 1993 and 1994, including any interest and penalties thereon, are not non-dischargeable.

2. Pursuant to the Discharge entered in the above-captioned Chapter 7 case on May 22, 2001, the Plaintiff's liabilities in connection with federal income taxes for

the years of 1992, 1993 and 1994, including any interest and penalties thereon, are fully discharged.